FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY L HANBEY,

　　　　　Plaintiff - Appellant,

　　v.

MICHAEL J. ASTRUE,

　　　　　Defendant - Appellee.

No. 11-35898

D.C. No. 3:10-cv-05403-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 6, 2012
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District
Judge.[**]

　　　Gregory Hanbey appeals the district court's judgment affirming the Social

Security Administration's denial of his application for disability insurance benefits.

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　[**]　　The Honorable Sharon L. Gleason, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291. We affirm, deciding the issues raised on appeal as follows:

(1) The Administrative Law Judge (ALJ) provided clear, convincing, and specific reasons to support his adverse credibility determination as to Hanbey and germane reasons to support his adverse credibility determination as to Hanbey's wife. Substantial evidence supported each of these determinations. *Burch v. Barnhart*, 400 F.3d 676, 679–80 (9th Cir. 2005). For example, the ALJ noted that both Hanbey and his spouse alleged that he had substantial unintended weight loss, then found that this alleged symptom was unsupported by the treatment records.

(2) The ALJ's interpretation of Dr. Crossen's opinion differed from Hanbey's interpretation. But the ALJ's interpretation must be upheld so long as it is rational and supported by substantial evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *cf. Lingenfelter v. Astrue*, 504 F.3d 1028, 1043 (9th Cir. 2007). That is the case here, as the ALJ rationally and thoroughly "set out in the record his reasoning and the evidentiary support for his interpretation" of Dr. Crossen's opinion. *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999).

(3) We need not decide whether Hanbey has waived his argument regarding Dr. Gostnell by not raising it before the district court. Dr. Gostnell's brief mental

2

status evaluation of Hanbey was inconclusive and recommended neuropsychological testing, which Dr. Crossen later performed. The ALJ properly relied on Dr. Crossen's more comprehensive opinion in assessing Hanbey's mental functioning.

(4) The ALJ disregarded Dr. Sasaki's opinion that Hanbey should be considered completely disabled, because the opinion was contradicted by Dr. Sasaki's prior and subsequent treatment notes. Even if this contradictory information triggered the ALJ's duty to develop the record, the ALJ fulfilled that duty by according Hanbey the opportunity to supplement the record after the hearing had concluded. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ's stated reasons for rejecting Dr. Sasaki's opinion were clear, convincing, and supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

(5) The ALJ found that the Department of Veterans Affairs' (VA) evaluation of Hanbey's disability was fundamentally flawed, because it was based on mostly subjective complaints contradicted by objective medical findings in the record. The ALJ considered the VA's finding in reaching his decision, but decided to give it lesser weight, as opposed to great weight, based on persuasive, specific, and

valid reasons articulated in the written decision and supported by the record. *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012).

(6) In the RFC assessment, the ALJ properly excluded those symptoms that he had determined were unsupported by the record. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

(7) The hypothetical questions the ALJ posed to the vocational expert adequately set forth the limitations and restrictions that the ALJ had not rejected. The ALJ did not specify the frequency of the sit-stand option, but the relevant regulation did not require the ALJ to do so. SSR 83-12.

**AFFIRMED.**